DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Leonard Harper, Jr. appeals from his conviction and sentence from the Summit County Common Pleas Court. This Court reverses.
 I.
Defendant was indicted by the Summit County Grand Jury on five counts of aggravated robbery, in violation of R.C.2911.01(A)(1), for actions spanning from March to July 1997. At the conclusion of Defendant's trial, the jury convicted him on all five counts. The trial court sentenced Defendant to three years of prison for each count, to be served consecutively.
On August 18, 1998, Defendant appealed the trial court's sentence and this Court reversed and remanded because the trial court failed to state a basis for its application of consecutive sentences. State v. Harper (Feb. 24, 1999), Summit App. No. 18916, unreported, at 3-4. On April 19, 1999, at the re-sentencing hearing, the trial court re-imposed the original sentence of five consecutive three-year terms. Defendant has timely appealed his re-sentencing to this Court, asserting one assignment of error.
 II.
The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E), and in the absence of any finding of such factors on the record.
 Defendant has asserted that the trial court failed to state the necessary findings required under R.C. 2929.14(E) when re-sentencing him to a consecutive sentence. This Court agrees.
Recently, the Ohio Supreme Court held that a trial court must engage in an analysis that notes the Court's reasons for imposing more than the minimum authorized sentence. State v. Edmonson
(1999), 86 Ohio St.3d 324, 326. R.C. 2929.14(E)(4) sets forth three findings a trial court must make before imposing a consecutive sentence. A trial court must find that:
 [T]he consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 R.C. 2929.14(E)(4). Previously, a trial court was not obligated to recite the "talismanic" language of the sentencing statute. See State v. Blondheim (May 27, 1998), Summit App. No. 18594, unreported, at 8-9. As long as the basis for the required findings was supported in the record, the sentence imposed by the trial court was upheld. State v. Miller (Apr. 29, 1998), Summit App. No. 18645, unreported, at 4. However, under Edmonson, a sentencing court must make the required findings for deviations under R.C. 2929.14. See Edmonson, 86 Ohio St.3d at 328-329. In addition, when a trial court sentences under R.C. 2929.14(E)(4), it must also provide the necessary findings and explanation required in R.C. 2929.19(B)(2)(c) for imposing consecutive sentences. Therefore, a sentencing judge shall recite on the record the statutory reasons for selecting consecutive sentences and engage in an analysis to support the requisite findings. See Edmonson, 86 Ohio St.3d at 328-329.
In the case at bar, the transcript of Defendant's re-sentencing hearing revealed that consecutive sentences were imposed to protect the public from future crimes.[1] Although the trial court made reference to the fact that Defendant committed five separate offenses, the court failed to note on the record any enumerated reasons for imposing more than the minimum sentence authorized. Specifically, the trial court did not engage in the necessary analysis of whether the consecutive sentences were "disproportionate to the seriousness of the offender's conduct[.]" R.C. 2929.14(E)(4). Based on the lack of evidence in the re-sentencing transcript, the findings do not satisfy the statutory requirements of R.C. 2929.14(E)(4) for imposing consecutive sentences. See Edmonson, 86 Ohio St.3d at 328-329. Therefore, this Court sustains Defendant's assignment of error and remands this cause to the trial court for re-sentencing in accordance with R.C. 2929.14(E)(4), R.C. 2929.19(B)(2)(c) andEdmonson.
 III.
Defendant's assignment of error is sustained. The trial court's judgment is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment Reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ______________ BAIRD, P.J.
BETH WHITMORE FOR THE COURT
BATCHELDER, J. CONCUR
[1] The State has asserted that Defendant failed to provide this Court with a record; however, Defendant did submit the transcript of the re-sentencing hearing, which is adequate for a determination of the assigned errors. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.